UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TESSIE ELLIS | CIVIL DOCKET NO. 1:20-CV-01318 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| WALMART INC., ET AL | MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES |

## MEMORANDUM RULING

Before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") filed by Defendants, Walmart Inc. and Wal-Mart Louisiana, LLC (collectively "Walmart"). [Doc. 16]. For the following reasons, the Defendant's Motion is **GRANTED.**

### BACKGROUND

On March 16, 2020, Plaintiff Tessie Ellis ("Ellis") filed suit in the 9th Judicial District Court for Rapides Parish alleging that on June 26, 2019, while shopping at a Walmart store in Alexandria, Louisiana, she slipped and fell resulting in bodily injuries. [Doc. 1-2 p. 4]. Specifically, Ellis claims that while in the produce aisle, her foot slipped on what she believed to be black cherries, causing her to fall to the floor and sustain injury. [Doc. 16-2 p. 7 and 13]. Walmart removed the suit to this Court on October 8, 2020, invoking the Court's diversity jurisdiction pursuant to 18 U.S.C. § 1332, and a Removal Order was entered on October 28, 2020. [Doc. 1 and 7]. On February 17, 2022, Walmart filed a Motion for Summary Judgment. [Doc. 16]. Ellis then filed an opposition to the Motion on April 8, 2022 − well past the 21-day period set out in Local Rule 7.5. [Doc. 20]. The Motion is ripe for ruling.

1

## LEGAL STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The movant bears the burden of demonstrating the absence of a genuine dispute of material fact but need not negate every element of the nonmovant's claim. *Hongo v. Goodwin*, 781 F. App'x. 357, 359 (5th Cir. 2019) (citing *Duffie v. United States*, 600 F. 3d 362, 371 (5th Cir. 2010)). If the movant meets this burden, the burden then shifts to the nonmovant who is required to "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). However, summary judgment cannot be defeated through "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017) (quoting *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002)).

In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). The motion for summary judgment should be granted if the non-moving party cannot produce sufficient competent evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## LAW AND ANALYSIS

Walmart contends that Ellis has not adduced any evidence establishing the essential elements of her claim under the Louisiana Merchant Liability Act (La. R.S. § 9:2800.6). [Doc. 16]. Specifically, Walmart alleges that Ellis cannot show that Walmart had either actual or constructive notice of the condition that allegedly caused her injury because: (i) Ellis has not provided evidence that any Walmart employees knew about the hazardous condition, and (ii) Ellis has not provided any evidence demonstrating the hazardous condition existed for such a period of time as would constitute constructive notice of the condition. [Doc. 16-1 p. 6-9].

On the same day that the Motion was filed, Ellis filed a Motion to Continue the discovery deadline, but failed to provide any reasons for her request. [Doc. 18].[1] Ellis

---

[1] Contemporaneously with this ruling, the Court denies Ellis' Motion to Continue the discovery deadline. *See, Simmons v. Lesikar*, 116 F. 3d 478 (5th Cir. 1997) (affirming a lower court's granting of summary judgment which dismissed the plaintiff's case, noting that "there is no obligation on the court to grant delays, and the time for response under the local rules had run before the court acted.").

3

likewise failed to file an opposition to the Motion within the 21-day period set forth in Local Rule 7.5. Although Ellis did not timely respond to Walmart's Motion, the Court is nonetheless required to determine if a genuine dispute of material fact exists or if the movant is entitled to a judgment as a matter of law. *Day v. Wells Fargo Bank Nat. Ass'n*, 768 F. 3d 435 (5th Cir. 2014). Further, although the Court was not required to consider Ellis' opposition, it has reviewed that filing and notes that even if it had been timely filed, Walmart's Motion would nonetheless be granted for the reasons discussed herein.

In a diversity case such as this one, federal courts apply state substantive law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Accordingly, Walmart's liability for Ellis' accident and resulting injury is governed by the Louisiana Merchant Liability Act, La. R.S. § 9:2800.6 (the "LMLA").[2] The LMLA imposes a duty of care on a merchant to those lawfully on its premises, "to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. § 9:2800.6(A). When a negligence claim is brought against a merchant based on injuries sustained in a fall caused by a condition on the merchant's premises, a plaintiff bears the burden of proving his or her claim that the defendant(s) were negligent and that:

---

[2] Ellis' Petition for Damages does not cite a specific statutory provision in support of her claims. Walmart's Motion for Summary Judgment [Doc. 16] and Memorandum in Support [Doc. 16-1] submit that the LMLA is the appropriate legal standard that governs Plaintiff's claims. The Court finds that the facts of the instant case fall squarely within the scope of the LMLA. Here, Ellis alleges to have fallen on a slippery substance that was on the floor of a Walmart. Louisiana law is clear that when a patron falls while at a merchant's place of business, the LMLA applies to the resulting claims.

4

1) The condition presented an unreasonable risk of harm to the claimant and the risk of harm was reasonably foreseeable.

2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

3) The merchant failed to exercise reasonable care.

La. R.S. § 9:2800.6(B).

Importantly, each of these three elements of the LMLA must be proven by the Plaintiff. Indeed, "[t]he burden of proof does not shift to the defendant at any point and failure to prove any one of these elements negates a plaintiff's cause of action." *Melancon v. Popeye's Famous Fried Chicken*, 2010-1109, p. 3 (La. App. 3 Cir. 3/16/11); 59 So. 3d 513, 515 (citing *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97); 699 So. 2d 1081); *Ferrant v. Lowe's Home Centers, Inc.*, 494 Fed. Appx. 458, 460 (5th Cir. 2012).

Here, Ellis does not allege that Walmart caused the hazardous condition. [Doc. 1-2]. Further, Ellis testified in her deposition that she did not know if any Walmart employee was aware of the condition of the floor and has not otherwise provided any evidence showing that Walmart had actual notice of the condition. [Doc. 16-2 p. 14]. Thus, there is no genuine dispute of material fact regarding whether Walmart caused or had actual notice of the existence of the hazardous condition on the floor.

Likewise, Ellis has not shown that Walmart had constructive notice of the hazardous condition. The LMLA defines constructive notice to mean that the patron, "has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. § 9:2800.6(C). To prove constructive notice, a plaintiff must provide positive evidence

showing that the hazardous condition existed for a sufficient period of time to place the merchant on notice of the hazardous condition. *Zeringue v. Wal-Mart Stores, Inc.*, 62 So. 3d 276, 279 (5th Cir. 2011). Additionally, "[t]he presence of an employee of the merchant in the vicinity in which the condition exists, does not, alone, constitute constructive notice." La. R.S. § 9:2800.6(C). Louisiana courts have also consistently held that a plaintiff's evidence of a dirty floor is not enough to establish a sufficient period of time that would put the merchant on notice of a hazardous condition. *Beard v. Dollar General Stores, Inc.*, 2005 WL 399514 at * 4 (E.D. La. Feb. 17, 2005) (citing *Nuccio v. Robert*, 99-1327 (La.App. 5 Cir. 4/25/00); 761 So. 2d 84, 88; *Cooper v. Wal-Mart Stores, Inc.*, 97-1723 (La.App. 1 Cir. 12/9/98); 725 So. 2d 51, 53-54.)

Here, Ellis explicitly claims that she does not know how long the condition existed. [Doc. 16-2 p. 12]. Indeed, the only evidence relevant to how long the allegedly hazardous condition was on the ground is Ellis' testimony that the cherries did not look fresh, that the floor near where she fell was dirty, and that there were workers nearby. [Doc. 16-2 p. 9 and 12-14]. This is insufficient evidence to create a genuine dispute of material fact as to whether Walmart had constructive notice of the hazardous condition.

Ellis' failure to provide sufficient summary judgment evidence showing that Walmart had actual or constructive notice of the condition causing her to fall is fatal to her claim. The Court need not analyze the first and third prongs of the LMLA to find that summary judgment is appropriate in this case. *Peterson v. Brookshire Grocery Company*, 751 Fed. App'x. 533, 535 (5th Cir. 2018) (quoting *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1086 (La. 1997)).

6

## CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's MOTION FOR SUMMARY JUDGMENT [Doc. 16] is GRANTED.

IT IS FURTHER ORDERED that all claims asserted by Plaintiff against Walmart, Inc. and Wal-Mart Louisiana, LLC are DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 13th day of April 2022.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE